IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET LEONARD; TOM LEONARD, parents of Melissa Leonard; MELISSA LEONARD, individually, <br>                   Plaintiffs, <br><br>      vs. <br><br><br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br>                   Defendant. | Civil Action No. 08-1451 <br> Chief Judge Donetta W. Ambrose/ <br> Chief Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.    <u>Recommendation</u>

The Court considers a Motion to Dismiss or to Strike (Doc. 6) filed by State Farm Mutual Automobile Association ("State Farm" or "the Defendant"). This Motion is directed to the Amended Complaint (Doc. 5) filed by Tom and Janet Leonard ("the Leonards"), and their daughter, Melissa, (collectively, "the Plaintiffs"), in connection with benefits alleged to be due and payable under two State Farm automobile policies held by the Leonards at the time of a 2000 accident. The Amended Complaint contains five counts: 1) breach of contract; 2) bad faith in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 42 Pa. Cons. Stat. Ann. § 8731; 3) violation of MVFRL sections 1797(b)( 4) and 1794(b)(6); 4) entitlement to declaratory relief; and  5) entitlement to injunctive relief.  State Farm contends that portions of the Amended Complaint should be dismissed or struck because the Plaintiffs: 1) assert entitlement to class relief, but do not allege mandatory prerequisites to class certification; 2) cannot establish irreparable harm essential to their claim for injunctive relief; 3) are barred by

state law from asserting a bad faith claim for denial of first party benefits; 4) are not entitled to declaratory relief due to pendency of state court proceedings; and 5) cannot assert an independent claim for breach of fiduciary duty.

The Court considers only the Defendant's argument directed at Count Four of the Amended Complaint. This claim for declaratory relief - which turns on the scope of coverage under State Farm policies - is at the heart of each of the claims raised in the Amended Complaint. The coverage issues raised here are currently the subject of litigation between the same parties in two matters now before the Court of Common Pleas of Westmoreland County. The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ("the Act"), establishes that the district courts are vested with discretion to decline jurisdiction over declaratory judgment actions. Case law interpreting the Act also establishes that a declaratory claim and other claims dependent upon it may be dismissed in favor of parallel state court proceedings. In reliance upon this authority, the Court recommends that the Defendant's Motion to Dismiss be granted with respect to all claims.

II.     Report

   A.   Background

This diversity action originated in a motor vehicle accident that occurred on October 16, 2000. While Melissa, who was thirteen, and her twelve year old sister waited for a school bus in Hempfield Township, Pennsylvania, Melissa watched her sister walk or run onto the road where she was struck and fatally injured by a passing vehicle. (Doc. 6 Ex. C at 2).

In 2002, the Leonards, individually, and as administrators of the estate of their deceased daughter, filed suit against the driver of the vehicle and her husband in state court. They also asserted a claim on behalf of Melissa for negligent infliction of emotional distress. The couple's insurer offered to settle the suit for $300,000, the policy limit, allocating $260,000 to the

decedent's estate and the remainder to Melissa's claim. The settlement was approved by the Court of Common Pleas of Westmoreland County.

The Leonards also asserted similar claims on behalf of their deceased daughter's estate and Melissa under two State Farm policies issued to the Leonards and in effect at the time of the accident. Each of these policies had coverage limits of $50,000 in underinsured motorist benefits, and $100,000 per accident. These policies permitted stacking, doubling the coverage limits. (Doc. 6 Ex. A). State Farm offered to settle the claim made by the estate for the policy limit of $100,000, but declined to make payment on Melissa's claim. According to State Farm Melissa had not suffered a "bodily injury" within the meaning of the policies. It also argued that her claim fell within and was subject to the $100,000 "each person" policy limit. The portion of the settlement allocable to the estate was approved by the Court of Common Pleas.

On February 15, 2005, the Leonards demanded arbitration of Melissa's uninsured motorist claim. The arbitration proceeding was bifurcated as to liability and damages. On February 12, 2008, a divided arbitration panel found that the State Farm policies covered Melissa's claim for emotional distress. (Doc. 5 Ex. C).

The Plaintiffs filed this federal action on October 14, 2008. The original Complaint (Doc.1) contained three Counts. In Count I, premised on breach of contract, the Plaintiffs stated that State Farm was obligated by the MVRFL to pay Melissa first party benefits "believed to be $10,000 for each policy." (Doc 1 ¶ 4). In Count II, the Plaintiffs alleged that State Farm acted in bad faith in violation of Pa. Cons. Stat Ann. § 8371, in evaluating Melissa's claims, and in failing to award the benefits requested. In Count III, the Plaintiffs maintained that State Farm's failure to pay first party benefits violated the terms of the MVFRL.

On November 3, 2008, State Farm filed a Complaint for Declaratory Relief against the

Plaintiffs in the Court of Common Pleas of Westmoreland County, asking the Court to declare that State Farm was not obligated under the terms of the relevant policies to provide Melissa with coverage for first party benefits.[1]

Before the damages potion of the arbitration proceeding began, State Farm authorized entry of an award of $100,000, the policy limit, in favor of Melissa. It was stipulated, however, that this award would not prejudice State Farm's right to appeal the issue of coverage.

The Plaintiffs filed an Amended Complaint (Doc. 5) in this Court on December 1, 2008, three days prior to the arbitration panel's damage award. Most significant for purposes of the pending Motion was the Plaintiffs' request at Count Four that the Court enter an order declaring that State Farm was required to pay first party benefits to Melissa.

On December 24, 2008, State Farm filed in the state court a Petition to Correct or Modify Arbitration Award, seeking dismissal of Melissa's underinsured motorist claim based on lack of coverage. (Doc. 6 Ex. A). That Petition has yet to be resolved. In January 2009, State Farm filed an Amended Complaint in Declaratory Judgment in state court.[2]

B. Discussion

Although State Farm bases its Motion to Dismiss on several grounds, the Court addresses only one - the relationship between this matter and concurrent state court proceedings. State Farm argues that the declaratory judgment count in the Amended Complaint should be dismissed

---

[1] Copies of documents filed in the state court declaratory judgment proceedings were not included in the Record. Attorneys for the parties were contacted, and copies of the state court Complaint and Amended Complaint were emailed/faxed to the Court on August 27, 2009. A copy of each is attached to this Report and Recommendation.

[2] It appears that the sole difference in the Complaint as amended was the attachment of a copy of the Leonards' policy.

in light of the those proceedings, citing the Supreme Court's decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  This argument is misplaced.

        1.  The "Colorado River" Doctrine

The federal courts have a "virtually unflagging obligation. . . to exercise the jurisdiction given them" by Congress.  Id. at 814.  This obligation is not diminished where there is concurrent litigation in a state court.  "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . ."  Id.  (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)).  "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action."  Univ. of Md. at Baltimore v. Peat Marwick Main & Co., 923 F.2d 265, 276 (3d Cir. 1991).

The Colorado River exception to this rule is exceedingly narrow.  "Abdication of the obligation to decide cases can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest"which "evidence[s] a strong federal policy that all claims should be tried in the state courts."  Ryan v. Johnson, 115 F. 3d 193, 198 (3d Cir. 1997).  See also Spring City Corp. v. Am. Bldgs Co., 193 F.3d 165, 172 (3d. Cir.1999).  The facts of this case do not implicate federal policy.  Both the  state and federal suits turn on  interpretation of an insurance contract under Pennsylvania law.  "The presence of garden-variety state law issues has not, in this Circuit, been considered sufficient evidence of a congressional policy to consolidate [overlapping] lawsuits for unified resolution in the state courts."  McMurray v. DeVink, No. 01-1346, 2002 WL 13793, at *4 (3d Cir. Jan. 3, 2002) (quoting Ryan,115 F.3d at 198)).

5

The Court's option to grant a stay is similarly restricted. In <u>Moses H. Cone Mem'l Hosp. v. Mercury Const.</u>, 460 U.S. 1 (1983), the Supreme Court considered a district court's entry of a stay of federal proceedings in favor of parallel state litigation. Concluding that there is no practical difference between a stay and abstention, the Supreme Court held that the District Court erred in entering the stay. "[A] stay of the federal suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata." <u>Id.</u> 460 U.S. at 10. <u>See also</u> <u>McMurray</u>, 2002 WL 13793, at * 2. By granting the stay, the District Court effectively relinquished the jurisdiction that it was obliged to exercise.

    2. <u>The "Wilton" Doctrine</u>

Although <u>Colorado River</u> does not control disposition of State Farm's Motion, principles underlying a second doctrine, sometimes termed "<u>Wilton</u> abstention," authorize a District Court to exercise discretion to dismiss a declaratory judgment action where a parallel action is pending in state court. Because neither party mentions the <u>Wilton</u> doctrine, the Court traces its origin and application.

The Declaratory Judgment Act does not obligate federal courts to assume jurisdiction over declaratory judgment actions. Rather, the Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). In its decision in <u>Marshall v. Lauriault,</u> 372 F.3d 175 (3d Cir. 2004), the Court of Appeals for the Third Circuit addressed the Supreme Court's interpretation of this provision:

> Despite the strong antipathy to abstention, the Supreme

6

> Court acknowledged a specific situation that allows federal courts greater deference in deciding whether abstention is appropriate. In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95,(1942), the Court held that when a federal suit . . . brought under the Federal Declaratory Judgment Act . . . present[s] only questions of local laws, the court is under "no compulsion to exercise[ ] jurisdiction" if a parallel state court proceeding would address the matters in controversy between the parties. In Wilton v. Seven Falls, 515 U.S. 277 (1995), the Court reaffirmed the district courts' broad discretion for abstention when entertaining claims for declaratory judgment. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 286. Thus, courts are permitted to avoid gratuitous interference with state court matters by abstaining from claims for declaratory judgment, specifically if the state court proceedings would address "the same issues, not governed by federal law, between the same parties." Id. at 282 (citing Brillhart, 316 U.S. at 495).

Id. at 182-83. District courts must be afforded substantial discretion to exercise jurisdiction "in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and fitness of the case for resolution, are peculiarly within their grasp." Wilton 515 U.S. at 289.

The Court of Appeals for the Third Circuit has identified three factors to be evaluating deciding whether to exercise jurisdiction over declaratory judgment actions involving issues of insurance coverage. These include: 1) a general policy of restraint when the same issues are pending in a state court; 2) recognition that there is an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and 3) avoidance of duplicative litigation. See The Scully Com. v. OneBeacon Ins. Co., No Civ. A. 03-6032, 2004 WL 1166594, at * 2 (E.D. Pa. May 24, 2004) (citing State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)).

In Count Four of the Amended Complaint, the Plaintiffs ask the Court "to enter an order

7

declaring that defendant . . . is required to provide coverage for first party benefits to the plaintiff Melissa Leonard with respect to the claims . . . arising out of the accident of October 16, 2000." (Doc. 5 ¶ 46.). The Plaintiffs describe the Defendant's request for declaratory relief in state court as follows: "State Farm's complaint is based on the same facts as the Amended Complaint in this case, but . . . the only relief it seeks is a declaratory judgment to the effect that State Farm is not required to provide first-party benefits to Melissa Leonard in connection with the injuries suffered by her as a result of witnessing her sister's death." (Doc. 13 at 19). State Farm's Motion to Modify or Correct the award of the arbitration panel in favor of Melissa Leonard also turns on the issue of coverage. Were the Court to consider Count Four alone, it would be a simple matter to conclude that it should defer to the state tribunal. The two matters would be parallel, there is no federal issue involved, and the parties do not assert that the state forum is inadequate in any respect. Furthermore, the policies of restraint and avoidance of duplicative litigation would favor dismissal. See West Motor Freight of Pa. v. K-Mart Corp., No 1:CV-06-1062, 2006 WL 2376239 (M.D. Pa. Aug. 15, 2006) (dismissing federal action based on similar factors).

The Court, however, must confront here the dilemma posed where the Plaintiffs' Amended Complaint contains not only a count for declaratory relief, but also seeks coercive relief.

### 3. Applying the Competing Doctrines

The Court of Appeals for the Third Circuit has not addressed whether actions containing coercive and declaratory claims are to be approached under the strict Colorado River doctrine or the more liberal Wilton doctrine. Other Courts of Appeals considering the issue have taken divergent positions. The Court of Appeals for the Fifth Circuit has adhered strictly to Colorado River abstention principles: "[W]hen an action contains any claim for coercive relief, the

Colorado River abstention doctrine is ordinarily applicable." Kelly Inv., Inc. v. Cont'l Common Corp., 315 F. 3d 494, 497 n.4 (5th Cir. 2002). The Court of Appeals for the Fourth Circuit has taken a similar approach. When a declaratory judgment claim is paired with non-declaratory claims, the Wilton doctrine does not apply. See Great Am. Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006).[3]

Courts of Appeals for the Seventh and Ninth Circuits have held that jurisdiction must be retained by the district court (subject only to Colorado River guidelines) if the nondeclaratory claims are independent of the declaratory claims. See R.R. Street & Co., Inc., 569 F.3d at 716-17; United Nat'l Ind. Co. v. R& D Latex Corp., 242 F. 3d 1102, 1112-13 (9th Cir. 2001).

A third approach - closely related to the second - has been adopted by the Court of Appeals for the Eighth Circuit. In Royal Indem.Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008), the Court embraced an "essence of the lawsuit" test, finding that a federal court need not apply the restrictive Colorado River test in all cases where coercive and declaratory claims are paired. Instead, a district court may rely on Wilton to abstain from considering even the non-declaratory claims so long as the grant of declaratory relief is necessary to the other relief sought. A number of district courts in the Third Circuit have relied on a similar principle - linking the treatment of coercive claims to the nature of the claim for declaratory relief. The analytical framework is illustrated in ITT Indus., Inc. v. Pac. Employers Ins. Co., (E.D. Pa. 2006), where

---

[3] Whether a district court retains discretion to abstain from hearing the declaratory claim in these circumstances has been described as "unclear." See R.R. Street & Co., Inc. v. Vulcan Materials Co., 569 F.3d 711, 715 n.4 (7th Cir. 2009) (comparing Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 466-67 (4th Cir. 2005) (interest in judicial economy is not served by dismissing declaratory claims and considering others) with Myles Lumber Co. v. CNA Fin. Corp., 233 F.3d 821, 824 (4th Cir. 2000) (where case involves declaratory and non-declaratory claims, it is abuse of discretion to remand declaratory claim under Wilton)).

9

the Court found that determining its "obligation to exercise to exercise jurisdiction over an action [was best] served by [a] fact-driven 'heart of the matter' approach than . . . a bright line rule." Id. at 557. "To apply the Colorado River standard to actions concerning both declaratory and coercive claims without an analysis of the facts at hand would be to ignore the Supreme Court's specific recognition that declaratory judgment actions necessitate a different treatment than other types of cases." Id.

The Court then "[cut] through the rhetorical fog of the pleadings," concluding that each of the issues before it turned on the scope of insurance coverage. Id. In order to determine whether it was obligated to exercise jurisdiction over the declaratory judgment claim because bad faith and breach of contract claims were also part of the suit, the Court looked to the issue underlying the request for declaratory judgment. Because "the outcome of the bad faith and breach of contract claims depend[ed] on the resolution of the declaratory judgment claims," the Court found that "[a]t its heart, th[e] dispute [was] a declaratory judgment action." Id.

In all essential respects, this case is similar to the one before the District Court in ITT Indus., Inc.[4] The parties to the federal proceeding are the sole parties to the state suits. In addition, "the same issues of insurance policy construction . . . lie at the heart of both the present action and the . . . state actions." Id. at 558. The Court in ITT Indus., Inc. found that the additional claims raised in the federal matter did not preclude application of the Wilton doctrine: "The critical question here is not whether the claims are exactly the same in the federal and the state action, but whether the issues the courts will need to analyze are substantially identical." Id. The outcome of Plaintiffs' coercive claims is largely, if not totally, dependent on the scope of the

---

[4] The Plaintiffs concede that the coverage issues are the crux of both state and federal proceedings and "will have a direct impact on [their] claim for bad faith and breach of contract." (Doc. 13 at 7).

State Farm policies. This "action [is], at heart, a declaratory judgment action, and the discretionary standard of Wilton applie[s]." Id. at 557 (citing Coltec Indus., Inc. v. Cont'l Ins. Co., No. Civ. A. 04-5718, 2005 WL 1126951, at *3 (May 11, 2005)). "It would be the tail wagging the dog if the presence of a subordinate claim were sufficient to require a federal court to hear primary claims that it has determined are better resolved elsewhere." Franklin Commons East P'ship v. Abex Corp., 997 F. Supp. 585, 592 (D. N.J. 1998). See also Gen. Nutrition Corp. v. Charter Oak Fire Ins. Co., No 07-0262, 2007 WL 2998443 (W.D. Pa. Oct. 11, 2007) (invoking Wilton to decline jurisdiction where breach of contract claims and third-party claims in federal court hinged on interpretation of insurance policy - an issue which was pending in state court).

Here, no aspect of the dispute before the Court is governed by federal law, and no federal interests are at stake. The two proceedings in state court involve the same parties and the same core claims. Should the Court entertain the Plaintiffs' claims in this suit, there is certain to be duplication of effort and there is a reasonable likelihood of inconsistent results. The Plaintiffs have not explained why they are unable to litigate all of their claims in the state court proceedings, and have not provided the Court with any justification for extending the dispute between the parties to the federal front. This is especially true where the state court declaratory judgment action is, like this matter, in an early stage.[5] The Court is convinced that this is a case in which "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

---

[5] The date on which the actions were commenced is irrelevant." ITT Indus., Inc., 427 F. Supp.2d at 562 (citing Summy, 234 F.3d at 135). This matter, in reality, began in state court, and the central issue - as well as the additional questions - are ones of state law and should be resolved there.

11

III.     Conclusion

For the reasons set out above, the Court recommends that the Motion to Dismiss (Doc. 6) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2., the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation and the Court's Order on Motions Practice.  Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 2 September, 2009

cc:     Hon. Donetta W. Ambrose
        Chief United States District Judge

        Counsel of Record via CM-ECF